

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PADCOM, INC. ) | **ORIGINAL** |
| ) | |
| Plaintiff, ) | 05  889 |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| NETMOTION WIRELESS, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT

Plaintiff Padcom, Inc. (hereinafter referred to as "Plaintiff"), by and through its attorneys, hereby demands a jury trial and alleges, upon information and belief, for its Complaint against Defendant NetMotion Wireless, Inc. (hereinafter referred to as "Defendant"), as follows.

### THE PARTIES

1. Plaintiff is a corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 2005 City Line Road, Suite 300, Bethlehem, Pennsylvania 18017.

2. Defendant is a corporation, organized and existing under the laws of the state of Washington, with its principal place of business at Suite 250, 701 North 34th Street, Seattle, Washington 98103.

3. Defendant is the owner of U.S. Patent No. 6, 981, 047 (hereinafter referred to as the "Patent-in-Suit").

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 to resolve an actual controversy between Plaintiff and Defendant and to obtain a declaration of non-infringement, invalidity, and unenforceability of the Patent-in-Suit.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§§ 1331, 1332, and 1338(a).

6. Venue for the present action properly lies in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PATENT-IN-SUIT

7. The Patent-in-Suit, entitled "Method and Apparatus for Providing Mobile and Other Intermittent Connectivity in a Computing Environment," was filed on December 12, 2002, and was issued on December 27, 2005. A true and correct copy of the Patent-in-Suit is attached hereto as Exhibit 1.

## BACKGROUND

8. Plaintiff is in the business of developing, making, licensing, selling, and servicing software and hardware products that, generally speaking, enhance connectivity for wireless network users and simplify administration, control, and support of mobile solutions.

9. Defendant's products, including NetMotion Mobility software, compete with Plaintiff's products in that they are directed to enabling users to move across multiple networks while maintaining connectivity.

10. Padcom Inc. is a plaintiff and counter-defendant in a pending civil action in the U.S, District court for the District of Delaware. Padcom, Inc. originally filed suit against NetMotion

Wireless, Inc. ("NetMotion") and Database Solutions, Inc. ("DSI"), on October 27, 2003, in the District Court of Delaware (Civil Action No. 03-983) for patent infringement of U.S. Patent Nos. 6,418,324 and 6,198,920, owned by Padcom, Inc. Padcom also alleged that NetMotion engaged in unfair competition and tortiously interfered with Padcom's prospective business opportunity. NetMotion moved to dismiss Padcom's Delaware complaint on the grounds that the Court has no personal jurisdiction over NetMotion or, alternatively, that the most convenient forum is either in the state of California or the State of Washington (the two actions discussed below). The Delaware Court denied NetMotion's motion and retained jurisdiction over the action in Delaware. NetMotion has made allegations in other fora (see below) against Padcom, which were ultimately consolidated with the pending Delaware action (Civil Action No. 03-983). Padcom amended its complaint on November 30, 2004 to include the newly issued U.S. Patent No. 6,826,405. In response, NetMotion again filed counterclaims relating to alleged tortious interference with its customers Itronix and ATTWS, and also sought a declaratory judgment that the patents-in-suit were not infringed or invalid. Trial is scheduled for March 13, 2006.

11. Padcom, Inc. was named as the defendant in NetMotion Wireless, Inc. v. Padcom, Inc., filed by NetMotion on November 6, 2003, in the U.S. District Court, Northern District of California, San Jose Division (Case No. C03-04963). NetMotion sought a declaratory judgment that NetMotion (i) does not infringe the '324 and '920 patents and/or that the '324 and '920 patents are invalid; and (ii) did not engage in unfair competition or tortious interference with respect to Padcom. This action was dismissed after the Delaware Court resolved a jurisdictional dispute in Padcom's favor. These claims are now part of the Delaware action (Civil Action No. 03-983).

12. Padcom, Inc. was named as the defendant in NetMotion Wireless, Inc. v. Padcom, Inc., filed on February 25, 2004, in the Superior Court of the State of Washington (King County),

Case No. 04-2-04597-5 (SEA). The complaint sought an injunction and damages against Padcom based on alleged tortious interference with a business relationship. Padcom removed this action to the U.S. District Court, Western District of Washington on March 23, 2004, Civil Action Number C04-622C and moved to transfer this action to the Delaware district court, as it is related to the facts of the pending Delaware action. The Washington District Court granted Padcom's motion and transferred this action to Delaware. The parties consolidated this action with the pending Delaware action (Civil Action No. 03-983).

13.     During the course of the Delaware action (Civil Action No. 03-983), NetMotion sought information from Padcom regarding Padcom's product that is relevant to the Patent-in-Suit, and which otherwise has no relevance to the Delaware action (Civil Action No. 03-983). Upon information and belief, NetMotion impermissibly sought this information solely for the purpose of performing its Rule 11 investigation with an aim toward suing Padcom.

14.     Upon information and belief, Padcom and NetMotion conducted settlement discussions in conjunction with the pending Delaware action (Civil Action No. 03-983), wherein NetMotion again referred to its patent rights as a consideration for settlement.

15.     Plaintiff has a reasonable apprehension of impending suit against it for infringement of the Patent-in-Suit.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT OF THE PATENT-IN-SUIT

16.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 15 above, as if fully set forth herein.

17.     Plaintiff has not infringed, is not now infringing, and has not threatened to infringe any valid claim of the Patent-in-Suit.

18.  Plaintiff has not contributed to the infringement, and is not now contributing to the infringement of any valid claim of the Patent-in-Suit.

19.  Plaintiff has not induced others to infringe, and is not now inducing others to infringe any valid claim of the Patent-in-Suit.

## COUNT II
## DECLARATION OF INVALIDITY OF THE PATENT-IN-SUIT

20.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 19 above, as if fully set forth herein.

21.  The claims of the Patent-in-Suit are invalid under the laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III
## UNENFORCEABILITY FOR INEQUITABLE COUNDUCT

22.  Padcom incorporates by reference the allegation of paragraphs 1 - 21 above as if set forth fully herein.

23.  On or about October 27, 2003, Padcom filed suit in the District of Delaware (*Padcom, Inc. v. NetMotion Wireless, Inc., et al.*, C.A. No. 03-983) alleging, in part, that NetMotion infringed two of Padcom's patents, generally directed to mobile devices switching among dissimilar wireless networks during data transmission (the "previously filed action"). On or about November 30, 2004, Padcom amended its complaint to assert infringement of a third, related patent.

24.  NetMotion responded in its affirmative defenses and counterclaim that the three patents were invalid under 35 U.S.C. §§ 102 and 103.

25.  Both the present action and the previously filed action pending between Padcom and Netmotion generally involve the same technology, *i.e.*, roaming between wireless networks.

26. During the discovery phase of the previously filed action, Padcom served interrogatories asking NetMotion to identify all facts on which it was relying to show invalidity and to provide its invalidity contentions.

27. In response to the interrogatories (and related document requests), NetMotion identified and provided a number of references in the technology of data communications over wireless networks.

28. In particular, on or about August 27, 2004, in its response to Padcom's first set of interrogatories, NetMotion identified 20 references allegedly relevant to Padcom's patents. Included among these 20 references was an article by Mary Baker, *et al.*, entitled "Supporting Mobility in MosquitoNet" (1996) (hereinafter "the MosquitoNet Article").

29. On or about December 16, 2004, in its second supplemental response to Padcom's second set of interrogatories, NetMotion identified 23 references allegedly relevant to Padcom's patent, including the MosquitoNet Article, as well as an accompanying two-page detailed description of the technology.

30. Furthermore, on or about January 14, 2005, and January 31, 2005, NetMotion provided a total of 24 pages of claim charts to Padcom, which specifically applied the MosquitoNet Article to 22 independent claims from Padcom's patents, further underscoring the extent of NetMotion's technical familiarity with the MosquitoNet.

31. On information and belief, persons involved with the Netmotion patent application which matured into the Patent-in-Suit, and the prosecution thereof, including but not limited to NetMotion litigation counsel in the previously filed action, knew of the MosquitoNet Article during the prosecution of the patent application which matured into the Patent-in-Suit.

32. On information and belief, NetMotion and/or its attorneys analyzed and developed a

detailed understanding of the MosquitoNet Article. Netmotion asserted the MosquitoNet Article against Padcom in the previously filed action.

33. The claims of the Patent-in-Suit recite, *inter alia*, establishing secure data communications between two computing devices over a network or subnetwork; roaming to a further network or subnetwork while operational; participating in a DHCP process with the further network or subnetwork; learning that the computing devices are able to communicate over the further network or subnetwork at least in part in response to the DHCP process; and continuing the secure data communications over the further network or subnetwork. *See, e.g.*, claim 1.

34. The MosquitoNet Article teaches each of these claim elements. For example, MosquitoNet discloses using end-to-end encryption of data communications (*i.e.*, secure data communications) to prevent packets from being erroneously delivered to a third party after a mobile computing device has roamed to a new network. MosquitoNet also teaches assigning a new IP address to the mobile computing device via DHCP when roaming to the new network, and notifying the other computing device of the new address to enable continuing data communications on the new network.

35. Accordingly, the MosquitoNet Article is highly relevant and material to the Patent-in-Suit.

36. NetMotion never brought the MosquitoNet Article to the Examiner's attention during prosecution of the Patent-in-Suit.

37. In fact, NetMotion filed six Information Disclosure Statements during prosecution of the patent in suit (dated February 2, 2002; July 14, 2003; July 24, 2004; August 18, 2004; November 29, 2004; and May 13, 2005), none of which cited the MosquitoNet Article.

38. Two of the Information Disclosure Statements were filed after NetMotion filed the

prior lawsuits against Padcom, and three of these Information Disclosure Statements (dated July 24, 2004; August 18, 2004; and November 29, 2004) were filed during the same time period when NetMotion was actively analyzing the MosquitoNet Article to assert against Padcom, yet MosquitoNet was not identified in the Information Disclosure Statements.

39. Furthermore, NetMotion participated in at least one in-person interview and two telephonic interviews with the Examiner from September 2004 through April 2005 (the same time period during which NetMotion was responding to discovery requests and studying the MosquitoNet Article) to specifically discuss the patentability of claims over prior art. On information and belief, Netmotion did not disclose the MosquitoNet Article to the Examiner's attention during any of the interviews.

40. NetMotion (including each inventor named in the application, each attorney or agent who prepared or prosecuted the application, and/or every other person substantively involved in the preparation or prosecution of the application) knew of the highly material MosquitoNet Article and intentionally failed to submit it to the Examiner during prosecution of the application that matured into the Patent-in-Suit.

41. Netmotion's concealment of the MosquitoNet Article from the USPTO constitutes inequitable conduct before the USPTO.

42. The Patent-in-Suit is unenforceable because of Netmotion's inequitable conduct before the USPTO.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a judgment against Defendant as follows:

a. Declaring that Plaintiff has not infringed the Patent-in-Suit;

b. Declaring that the Patent-in-Suit is invalid;

c. Declaring that the Patent-in-Suit is unenforceable; and,

d. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam W. Poff
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899
Tel.: 302-571-6600

Neil F. Greenblum
Michael J. Fink
Jill M. Browning
Van C. Ernest
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Attorneys for Plaintiff Padcom, Inc.

Dated: December 27, 2005
J213131P001