IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PADCOM, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NETMOTION WIRELESS, INC.,<br><br>    Defendant. | C.A. No. 05-889-SLR |

**DEFENDANT NETMOTION WIRELESS, INC.'S OPENING BRIEF IN SUPPORT ITS MOTION TO DISMISS THE DECLARATORY JUDGMENT COMPLAINT OF PADCOM, INC. FOR LACK OF JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(h)(3)**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
(marsden@fr.com)
Sean P. Hayes (#4413)
(hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 778-8401

Katherine Kelly Lutton
(lutton@fr.com)
500 Arguello Street, Suite 500
Redwood City, CA 94063

Barry K. Shelton
(shelton@fr.com)
One Congress Plaza
111 Congress Avenue, 4th Floor
Austin, TX 78701

Attorneys for Defendant
NetMotion Wireless, Inc.

DATED: January 6, 2006

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................ 1

II. NATURE AND STAGE OF THE PROCEEDINGS ............................................. 1

III. SUMMARY OF THE ARGUMENT ...................................................................... 1

IV. STATEMENT OF FACTS ....................................................................................... 2

V. STATEMENT OF LAW ........................................................................................... 4

VI. ARGUMENT .............................................................................................................. 5

    A.    There Has Been Only One Litigation Between Padcom And NetMotion, Initiated By Padcom and Involving Only Padcom's Patents ........................................................................ 6

    B.    Investigating Another Company's Products In The Context Of An Ongoing Litigation Does Not Create A Reasonable Apprehension Of Suit .............................................. 7

    C.    Simply Referring To The Fact That A Company Has Patents During A Settlement Negotiation, Absent Anything More, Does Not Give Rise To Reasonable Apprehension Of Suit ................................................................ 8

VII. CONCLUSION ........................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*BP Chemicals Ltd. v. Union Carbide Corp.*,
    4 F.3d 975 (Fed. Cir. 1993)......................................................................................................5

*Crystal Semiconductor Corp. v. Tritech Microelectronics International, Inc.*,
    246 F.3d 1336 ..........................................................................................................................8

*DuPont Dow Elastomers, L.L.C. v. Greene Tweed of Delaware, Inc.*,
    148 F. Supp. 2d 412 (D. Del. 2001).....................................................................................5, 7

*In re GPAC Inc.*,
    57 F.3d 1573 (Fed. Cir. 1995)..................................................................................................8

*Graham v. John Deere Co.*,
    383 U.S. 1 ................................................................................................................................8

*International Harvester Co. v. Deere & Co.*,
    623 F.2d 1207 (7th Cir. 1980) .................................................................................................8

*Nokia Corp. v. Interdigital Commc'ns*,
    2005 U.S. Dist. LEXIS 34899 (D. Del. 2005) .....................................................................5, 9

*Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*,
    57 F.3d 1051 (Fed. Cir. 1995)...........................................................................................5, 8, 9

*Shell Oil Co. v. Amoco Corp.*,
    970 F.2d 885 (Fed. Cir. 1992)..........................................................................................4, 5, 9

*Vermeer Manufacturing Co. v. Deere & Co.*,
    379 F. Supp. 2d 645 (D. Del. 2005).................................................................................4, 5, 7

**DOCKETED CASES**

*NetMotion Wireless, Inc. v. Padcom, Inc.*,
    C.A. No. 03-cv-4963 (D. Del. 2003) .......................................................................................6

*NetMotion Wireless, Inc. v. Padcom, Inc.*,
    C.A. No. 04-2-04597-5 (WA Super. Ct.).................................................................................3

*Padcom, Inc. v. NetMotion Wireless, et al.*,
    C.A. No. 03-983 (D. Del. 2003) ...................................................................................  *passim*

**FEDERAL STATUTES**

28 U.S.C. § 2201......................................................................................................................4

Fed.R.Civ.P. 12(b)(1)................................................................................................................1

I.      INTRODUCTION

Without any colorable basis for jurisdiction, Padcom brought this declaratory judgment action on the very day NetMotion's newest patent issued. Padcom has used this action in the press to attack NetMotion's patent and Padcom is now attempting to use the action to extract from NetMotion a covenant not to sue. Because NetMotion never threatened suit or even mentioned its patent to Padcom, and because there are no other facts to support a reasonable apprehension of suit, Padcom's suit is without merit and frivolous. NetMotion respectfully requests that this Court dismiss Padcom's declaratory judgment action and award costs and attorneys' fees to NetMotion.

II.     NATURE AND STAGE OF THE PROCEEDINGS

Padcom filed this declaratory judgment action on December 27, 2005. Complaint (D.I. 1) ("Complaint"). No answer has been filed.

III.    SUMMARY OF THE ARGUMENT

Padcom has represented that with respect to the basis for jurisdiction, "the Complaint speaks for itself." Lutton Decl. at ¶2. Even assuming the allegations of the Complaint were true, there is no colorable basis for jurisdiction:

- First, Padcom's allegation at paragraph 14 of its Complaint that "[u]pon information and belief, Padcom and NetMotion conducted settlement discussions in conjunction with [*Padcom I*], wherein NetMotion again referred to its patent rights as a consideration for settlement" is not supported by the facts. Even if it were supported by the facts, mentioning a cross-license as an option for settlement does not constitute a threat of litigation. Furthermore, even if true, use by Padcom of such information to file this declaratory judgment action violates the letter and spirit of the rules under which those discussions were held. [1]

---

[1] Settlement discussions in the *Padcom I* case have been conducted pursuant to the referral of the case to Magistrate Judge Thynge for alternative dispute resolution. Judge Thynge's Order [D.I. 111 at ¶8] provides:

> The contents of the mediation conference statements and the conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation, nor any other litigation presently pending or filed in the future, and shall not be construed as nor constitute an admission. Breach of this provision shall subject the violator to sanctions.

- Second, Padcom's allegations at paragraphs 10-12 of its Complaint merely show that NetMotion (i) believed Delaware was not a proper venue for *Padcom I* and sought to proceed in a different, proper venue and (ii) sought to enjoin Padcom from using *Padcom I* to tortiously interfere with NetMotion's business expectancies. NetMotion has never threatened Padcom with a patent suit nor has it sued Padcom on any patents. The mere existence of *Padcom I* and the related actions cannot be used to give Padcom a green light to now sue NetMotion for a declaratory judgment on any NetMotion patent it chooses.

- Third, Padcom's allegation at paragraph 13, that because NetMotion sought discovery on Padcom's products during the course of the litigation, NetMotion must have been performing an infringement analysis on claims in its pending patent application, is baseless speculation. The discovery sought on Padcom's products was relevant to issues in *Padcom I*. Padcom's products are relevant to that suit for at least two reasons: First, Padcom alleges that its products embody the patents in suit and is asking for lost profits; and second, whether or not the products embody the patents-in-suit (which can only be determined with information on the products), is relevant to secondary indicia of obviousness. Even if NetMotion had sought product information from Padcom to perform an infringement analysis (which it did not), NetMotion's actions would not support a reasonable apprehension of litigation without an overt threat of litigation to enforce the '047 patent.

## IV.    STATEMENT OF FACTS

Padcom previously filed suit against NetMotion in the District of Delaware on October 27, 2003, alleging that NetMotion infringed two of Padcom's patents, U.S. Patent Nos. 6,418,324 and 6,198,920. *Padcom, Inc. v. NetMotion Wireless, et al.*, C.A. No. 03-983(D. Del. 2003) ("*Padcom I*"). In order to have *Padcom I* transferred to a venue that it believed was proper, *see* Opening Brief in Support of Defendants' Motion to Dismiss, Transfer or Stay" [*Padcom I*, D.I. 10] NetMotion filed a declaratory judgment action against Padcom on these same two patents on November 6, 2003 in the Northern District of California. *NetMotion Wireless, Inc. v. Padcom, Inc.*, C.A. No. 03-cv-4963 (N.D. Cal. 2003) After NetMotion's jurisdiction and venue challenges were denied in *Padcom I*, the California declaratory judgment action was dismissed by NetMotion. *Id.* at D.I. 20.

At around this same time, Padcom began using the existence of *Padcom I* as a weapon to tortiously interfere with customer relationships of NetMotion, specifically NetMotion's relationship with AT&T Wireless. [*Padcom I*, D.I. 368]  NetMotion filed a suit in Washington Superior Court (the state in which NetMotion and AT&T Wireless reside) on February 25, 2004, seeking to enjoin Padcom from engaging in this tortious behavior.  *NetMotion Wireless, Inc. v. Padcom, Inc.*, C.A. No. 04-2-04597-5 (WA Super. Ct.) The Washington case was removed to the U.S. District Court for the Western District of Washington by Padcom, and transferred and consolidated with *Padcom I* on Sept. 21, 2004 [*Padcom I,* D.I. 61]. NetMotion did not assert or threaten any of its patents in *Padcom I* or the related litigation.  [Lutton Decl. at ¶3].  Padcom, on the other hand, added an additional patent– U.S. Patent No. 6,826,405 – to *Padcom I* on January 4, 2005. [*Padcom I*, D.I. 89].  *Padcom I* is currently pending before Judge Robinson and is scheduled to go to trial on March 13, 2006.  [*Padcom I,* D.I. 56].

The patent that forms the basis for this action, U.S. Patent No. 6,981,047 ("the '047 patent"), was issued to NetMotion on December 27, 2005, the same day Padcom filed this suit.  NetMotion *never* mentioned the '047 patent to Padcom in any discussions, correspondence, or lawsuits. [Hunsberger Decl. at ¶2].  NetMotion has never threatened anyone with the '047 patent and has never threatened or filed any patent lawsuits against anyone on any NetMotion patent. [Hunsberger Decl. at ¶2].  Padcom asserted that it believed NetMotion would file suit against it "on the day NetMotion's patent issued," but it was Padcom, not NetMotion, that filed a complaint and issued a press release announcing the beginning of its second litigation against NetMotion the very day the '047 patent issued.  [*Padcom, Inc. v. NetMotion Wireless, Inc.* (D. Del. 2005), D.I. 1]; [Lutton Decl. at ¶¶4-5].

Not only did Padcom bring the instant action without proper jurisdiction, it then used this action in the press as a marketing tool to attack NetMotion's newly issued patent. [Lutton Decl. at ¶¶4-5].  On the very day the '047 patent issued, Padcom issued a

3

press release with the title "Padcom® Files Suit Against NetMotion Alleging **Invalid and Unenforceable Patent**." *Id*. (emphasis added). The press release otherwise primarily focused on attacking the validity and enforceability of NetMotion's patent and reminding the public about Padcom's initial patent suit against NetMotion. *Id*. Now, after being confronted on the jurisdictional issue, Padcom says that it will only voluntarily dismiss the present action if NetMotion covenants not to sue Padcom on the '047 patent. *See id*. at ¶2.

V.  **STATEMENT OF LAW**

A declaratory judgment action may only be brought to resolve an "actual controversy" between "interested parties." 28 U.S.C. § 2201. The Federal Circuit has developed a pragmatic two-part test for determining whether a declaratory judgment case is justiciable:

(1) there must be an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and

(2) there must be present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*See Vermeer Mfg. Co. v. Deere & Co.*, 379 F.Supp.2d 645 (D. Del. 2005) (Robinson, J.); *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 888 n.2 (Fed. Cir. 1992).[2]

As the Federal Circuit explains:

The purpose of the [Declaratory Judgment] Act is to enable a person who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side. It accommodates the practical situation wherein the interest of one side to the dispute may be served by delay in taking legal action. However, the controversy must be actual, not hypothetical or of uncertain prospective occurrence. The requirement of actual controversy encompasses concepts such as ripeness,

---

[2] NetMotion presumes that by filing the Complaint, Padcom has determined that their present activity could constitute infringement. Therefore, NetMotion only challenges jurisdiction based on the first prong of the test. Further, as the present motion is a motion to dismissed based on jurisdiction, NetMotion only addresses the jurisdictional issue and not the substantive accusations raised in Padcom's Complaint.

standing, and the prohibition against advisory judicial rulings – all raised in this case.

*BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975 (Fed. Cir. 1993). In proving that a reasonable apprehension of an infringement suit exists, "more is required than the existence of an adversely held patent." *Vermeer*, 379 F.Supp.2d at 648. Reasonable apprehension requires, "more than the nervous state of mind of a possible infringer; it requires that the objective circumstances support such an apprehension." *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*, 57 F.3d 1051, 1053-54 (Fed. Cir. 1995). "Indeed, a patentee's statement that it intends to enforce its patent has been held not to create a reasonable apprehension of suit." *Vermeer*, 379 F.Supp.2d at 648. In the absence of either, "an express threat to sue, a pattern of suing on the [plaintiff's] patent, or conduct which has interfered with [plaintiff's] customer relations," there can be no reasonable apprehension of suit. *Vermeer*, 379 F.Supp.2d at 648; *DuPont Dow Elastomers, L.L.C. v. Greene Tweed of Delaware, Inc.*, 148 F.Supp.2d 412, 415 (D. Del. 2001) (Robinson, J.).

In making a jurisdiction determination, Courts "[should] not presume the truth of plaintiff's allegations, and the existence of disputed material facts will not preclude a Court from evaluating for itself the merits of the jurisdictional claims." *Nokia Corp. v. Interdigital Commc'ns*, 2005 U.S. Dist. LEXIS 34899 at *5 (D. Del. 2005) (Farnan, J.). "Plaintiffs bear the burden of proving that jurisdiction exists." *Id.*; *Shell*, 970 F.2d at 888.

## VI.    ARGUMENT

Padcom alleges three bases in its Complaint for why this Court has jurisdiction over its declaratory judgment action: (1) there has been previous litigation between the parties, [D.I. 1 at 10-12]; (2) NetMotion sought information about Padcom's products during [*Padcom I*, D.I. 1 at 13]; and (3) "upon information and belief" NetMotion referred to its patent rights during settlement negotiations in [*Padcom I*, D.I. 1 at 14].

5

These alleged grounds for jurisdiction are inadequate as a matter of law and fact, and provide no basis for Padcom's claim that it had a reasonable apprehension of suit.

### A. There Has Been Only One Litigation Between Padcom And NetMotion, Initiated By Padcom and Involving Only Padcom's Patents

Padcom attempts to demonstrate an apprehension of suit by extrapolating from the litigation history between these two parties, despite the fact that Padcom is the only party that has asserted any patents in litigation. The very first action Padcom cites in its recitation of the litigation history is Padcom's infringement suit filed in this Court in October of 2004 ("*Padcom I*"). *Padcom I* is the only action in which these two parties have litigated any patents, and it was brought by Padcom, not NetMotion.

Padcom next cites to an action brought by NetMotion in the Northern District of California. This case was a declaratory judgment action over the patents already asserted by Padcom in Delaware. (*NetMotion Wireless, Inc. v. Padcom, Inc.*, C.A. No. 03-cv-4963, N.D. Cal. 2003) This suit was brought by NetMotion after Padcom filed suit in order to move Padcom's claims to a venue NetMotion believed was proper. It had nothing to do with asserting NetMotion's patent rights.

Padcom also cites to the tortious interference Complaint brought by NetMotion in the State of Washington. What Padcom does not mention is that this action was brought only after Padcom started using the existence of *Padcom I* in an attempt to tortiously interfere with NetMotion's existing relationship with AT&T Wireless. [*Padcom I*, D.I. 338]. NetMotion sought an injunction against this conduct — an injunction unrelated to any patent owned by NetMotion, but rather tied to Padcom's use of its patents and pending litigation in a tortious manner.

The litigation between the parties thus reduces to a single action brought by Padcom on three of its patents (*Padcom I*), a venue challenge in that action, and a related action targeted at enjoining Padcom from using *Padcom I* in a tortious way. These facts

do not present even a colorable basis for "reasonable apprehension" of a suit for patent infringement by NetMotion.

Finally, Padcom does not allege (and NetMotion has not committed) any of the other acts that typically combine to give rise to a reasonable apprehension of suit. There were no threats or suits against customers, suits against other parties asserting the same patent, announcements of an intent to sue, opinions by counsel for patent owners, assertions made during licensing or arbitration, or suits abroad on analogous patents. *See* 8 Chisholm on Patents § 21.02[1][d][iii]. In the absence of either an express threat to sue, a pattern of suing on the patent, or conduct which has interfered with customer relations, there can be no reasonable apprehension of suit. *Vermeer*, 379 F.Supp.2d at 648; *DuPont*, 148 F.Supp.2d at 415.

      **B.**    **Investigating Another Company's Products In The Context Of An Ongoing Litigation Does Not Create A Reasonable Apprehension Of Suit**

Padcom next asserts that NetMotion sought information from Padcom during the course of the Delaware litigation that "had no relevance" to the Delaware action. [D.I. 1 at ¶ 13. Padcom concludes that NetMotion must have wanted the information to perform a Rule 11 investigation. *Id*. Such an allegation is pure speculation and is unfounded. The discovery sought on Padcom's products in *Padcom I* was relevant to whether Padcom's products embody the claims of its patents. Whether or not Padcom's products embody the patents-in-suit is relevant to secondary indicia of obviousness as well as to Padcom's lost profits damage claim. *See Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1356 ("for lost profits based on the infringer's sales, a patentee must show that the infringing units do not have a disparately higher price than or possess characteristics significantly different from the patented product"); *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995) ("A prima facie case of nexus is generally made out when the patentee shows both that there is commercial success, and that the thing (product or method) that is commercially successful is the invention

disclosed and claimed in the patent."); *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 ("Such secondary considerations as commercial success might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented").

Even if NetMotion had requested this information from Padcom to perform an infringement analysis (which it did not)[3], or had engaged in negotiations about licensing or patent validity (which it did not), such actions are not enough to create a reasonable apprehension of an infringement suit. *See Phillips*, 57 F.3d at 1053 ("The offer of a patent license does not create an actual controversy"); *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1213 (7th Cir. 1980) ("Even where a patentee initiates contact by requesting a sample of the product in order to examine it for possible infringement, a reasonable apprehension is not created").

      **C.**     **Simply Referring To The Fact That A Company Has Patents During A Settlement Negotiation, Absent Anything More, Does Not Give Rise To Reasonable Apprehension Of Suit**

Padcom finally asserts that "upon information and belief," NetMotion "again referred to its patent rights" during settlement negotiations between the parties. First, the law is clear: a patent owner may make potential infringers aware of its patent rights without triggering jurisdiction for a declaratory judgment action. *See Phillips*, 57 F.3d at 1053 ("The offer of a patent license does not create an actual controversy"); *Shell*, 970 F.2d at 889 ("a statement that Shell's activities 'fall within' Amoco's claims … can hardly be considered an express charge of infringement"); *Nokia*, 2005 U.S. Dist. LEXIS at *10 ("Mere 'jawboning,' which typically occurs in licensing negotiations, is not sufficient to give rise to reasonable apprehension").

---

[3] Use of confidential product information for such a purpose would be inconsistent with the terms of the Protective Order in *Padcom I*. Under that Protective Order, confidential information "shall be…used only for the purposes of this litigation." [D.I. 70 at 1-2]. To the extent Padcom's declaratory judgment complaint is premised on a baseless and irresponsible presumption that NetMotion failed to comply with the Protective Order in *Padcom I*, costs and attorneys' fees should be awarded to NetMotion in this action.

In *Shell v. Amoco*, for example, Shell initiated licensing discussions with Amoco shortly before it began manufacturing a product it feared was covered by Amoco's patent. 970 F.2d at 886. During these discussions, Amoco made statements that it felt that its patent was valid and that Shell's conduct would infringe. *Id*. Shell then brought a declaratory judgment action based on Amoco's statements. *Id*. at 887. The court held that a simple statement that a party has patents and believes that they are valid and that they will enforce them is not enough to cause a reasonable apprehension of suit, especially when the patent holder is responding to claims first raised by the potential infringer. *Id*. at 889. Indeed, the court noted that such a response is almost obligatory: to require patent holders to state that they will not assert their patents, or that their patents are invalid, makes any licensing negotiations impossible. *Id*.

Accordingly, the mere mention of patents in settlement or licensing discussions cannot support a finding of declaratory judgment jurisdiction. Padcom has alleged nothing more than this, and there is no evidence of an overt threat to enforce the '047 patent against Padcom. NetMotion never threatened Padcom with infringing any patent in its portfolio. [Hunsberger Decl. at ¶2]. Even if NetMotion had mentioned its patents during settlement or licensing negotiations, a factual statement that a party has patents cannot rise to the level of reasonable apprehension of suit. *See Phillips*, 57 F.3d at 1053 ("The offer of a patent license does not create an actual controversy").

## VII. CONCLUSION

The only party that has resorted to litigation to enforce its patents is Padcom. NetMotion has never sued anyone over any of its patents. Padcom has sued NetMotion over three of its patents, and now seeks to entangle NetMotion in another lawsuit just as its pending infringement suit is about to go to trial. Padcom has presented no justiciable case or controversy. Because Padcom had no reasonable apprehension of an infringement suit by NetMotion, and because this case appears to have been brought for

9

an improper purpose, NetMotion respectfully requests that this Court dismiss this case and award costs and attorneys' fees to NetMotion.

Dated:  January 6, 2006             FISH & RICHARDSON P.C.


By: */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
(marsden@fr.com)
Sean P. Hayes (#4413)
(hayes@fr.com)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 778-8401

Katherine Kelly Lutton
(lutton@fr.com)
500 Arguello Street, Suite 500
Redwood City, CA 94063

Barry K. Shelton
(shelton@fr.com)
One Congress Plaza
111 Congress Avenue, 4th Floor
Austin, TX 78701

Attorneys for Defendant
NetMotion Wireless, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, I electronically filed **DEFENDANT NETMOTION WIRELESS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE DECLARATORY JUDGMENT COMPLAINT OF PADCOM, INC. FOR LACK OF JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)1 AND 12(h)(3)** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following Delaware counsel. In addition the filing will also be sent via hand delivery:

Josy W. Ingersoll                                  *Plaintiff*
Adam W. Poff                                     *Padcom, Inc.*
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899-0391

I hereby certify that on January 6, 2006, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Jill M. Browning                               *Plaintiff*
Greenblum & Bernstein, P.L.C.           *Padcom, Inc.*
1950 Roland Clarke Place
Reston, VA 20191-1411

                                                     */s/ William J. Marsden, Jr.*
                                                     William J. Marsden, Jr.